for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Taylor and Close, JJ.; Carswell, J., not voting.

Louis Davis, Individually and as Administrator, etc., of Claudia S. Ross, Deceased, Appellant, v. Milton J. Ross (Also Known as Judson Ross, Also Known as M. Judson Ross), Ruth Warren Ross and Alexander Slater, Respondents, and Another, Defendant.— Motion of respondents Ross for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Motion of respondent Slater for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

Dayton Supply Corporation, Respondent, v. Samuel Vitt, etc., and Others, Appellants, and Abraham Schwartz, Respondent.— Motion to amend order affirming judgment and order appealed from denied, without costs. [See ante, p. 905.] Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

Marie Frey, Respondent, v. Green Bus Lines, Inc., Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

Isidor Heller, Appellant, v. Henrietta Heller or Henrietta Raidman, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Apeals denied. Motion for stay denied. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

In the Matter of the Application of Bar Association of Nassau County, Inc., in Respect of Arthur J. Case, an Attorney and Counselor at Law, Respondent.— Respondent disbarred and his name ordered to be struck from the roll of attorneys. Respondent was convicted of the crime of misappropriation by a public officer, in violation of section 1865 of the Penal Law, in the County Court, Nassau County. The crime being a felony, his disbarment necessarily follows. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Petition of Queens County Bar Association with Respect of John F. Hicks, Jr. (Also Known as John Francis Hicks), an Attorney, Respondent.— Respondent disbarred and his name ordered to be struck from the roll of attorneys. The respondent, upon his own confession and plea of guilty, was convicted in the County Court, Queens County, of the crime of grand larceny, first degree. The crime being a felony, his disbarment necessarily follows. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Judicial Settlement of the Account of Proceedings of the United States Trust Company of New York, as Executor, etc., of Lewis Cass Ledyard, Jr., Deceased, and in the Matter of the Petition of Dorothy Ledyard Knight for the Removal of the United States Trust Company of New York, as Sole Executor and Trustee of the Estate of Lewis Cass Ledyard, Jr., Deceased, and in the Matter of the Estate of Lewis Cass Ledyard, Jr., Deceased. Dorothy Ledyard Knight, Appellant; John J. Kuhn, Special Guardian for William DeRham, Jr., and Others, Infants, Respondent, Appellant; United States Trust Company of New York, as Executor of and Trustee under the Last Will and Testament of Lewis Cass Ledyard, Jr., Deceased, Respondent, Appellant; Ruth E. Ledyard and Others, Respondents.— Motions for reargument denied,

without costs. Motions for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Application of THE LONG ISLAND RAILROAD COMPANY for the Elimination of Grade Crossings on Its Atlantic Division. RUDOLPH REIMER, Appellant; TRANSIT COMMISSION OF THE STATE OF NEW YORK and Others, Respondents. (Case No. 2711.) — Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the Petition of QUEENS COUNTY BAR ASSOCIATION with Respect of LUKE G. LYNCH, JR. (Also Known as LUKE GEORGE LYNCH, JR.), an Attorney, Respondent.— Respondent disbarred and his name ordered to be struck from the roll of attorneys. Respondent was convicted of the crime of grand larceny, first degree, in the County Court, Queens County. The crime being a felony, his disbarment necessarily follows. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

In the Matter of the WESTCHESTER COUNTY BAR ASSOCIATION with Respect to REGINALD P. RAY, an Attorney, Respondent.— Matter referred to Hon. J. Addison Young, official referee, to hear and to report with his opinion. Present — Lazansky, P. J., Hagarty, Carswell and Close, JJ.; Taylor, J., not voting. [See, also, ante, p. 904.]

JAY E. JAMES, Respondent, v. S. J. GROVES & SONS CO., Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

HARRY KERSHNAR and Others, Copartners Doing Business under the Firm Name and Style of KERSHNAR BROS. LIVE POULTRY MARKET, Respondents, v. MAX HELLER, as President, or SAM LEWIS, as Treasurer, of Chicken Drivers, Chauffeurs and Helpers Union Local No. 167, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

HARRY KERSHNAR and Others, Copartners Doing Business under the Firm Name and Style of KERSHNAR BROS. LIVE POULTRY MARKET, Respondents, v. MAX HELLER, as President, or SAM LEWIS, as Treasurer, of Chicken Drivers, Chauffeurs and Helpers Union Local No. 167, Appellant.— Motion for reargument denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

KEW HOMESTEAD CORPORATION, Appellant, v. UNDERWRITERS TRUST COMPANY, Respondent.— Motion referred to the court that rendered the decision on the appeal. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ. Motion granted to the extent of amending the decision of this court handed down April 15, 1940 [ante, p. 840], to read as follows: Action in conversion. Order denying plaintiff's motion, under section 325 of the Civil Practice Act, to punish the defendant for failing to obey the order of discovery and inspection, dated November 24, 1939, reversed on the law and the facts, with ten dollars costs and disbursements, the motion granted, with ten dollars costs, and defendant is debarred from denying plaintiff's valuation of the personal property as stated in the complaint. If defendant permits the inspection on the conditions hereinafter provided, it may apply at Special Term to be relieved of the said debarment. The plaintiff shall be permitted to conduct the inspection on the premises of the Home-